**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DONNIE B. JAMES**
**ADC # 89050**                                                                                  **PLAINTIFF**

**V.**                              **CASE NO. 4:11CV00901 BSM/BD**

**BRENDA DICUS, *et al.***                                                        **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.** **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller.  Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection.  An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.  A copy will be furnished to the opposing party.

If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing all of the evidence in the record.  By not objecting, you may also waive any right to appeal questions of fact.

Mail your objections and "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   <u>Discussion</u>:

Donnie B. James, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit pro se under 42 U.S.C. § 1983.  (Docket entry #2)  Mr. James alleges that in October 2009, Defendant Brenda Dicus entered the bathroom and found Mr. James with inmate Eugene Spears repairing a radio.  Mr. James claims that he was not attempting to start a fire, nor could any smoke be detected when Defendant Dicus entered the bathroom.

Although Mr. James and Mr. Spears were not charged with a disciplinary at that time, they were later charged with possessing a firework, explosive, or unauthorized combustible substance; failing to obey staff; and purchasing or exchanging unauthorized articles.

At the disciplinary hearing, Defendant Minor found Mr. James, a Caucasian inmate, guilty of two rule violations and his class status was reduced from Class IC to Class IV.  In addition, his contact visits were suspended for one year.  Mr. Spears, an African-American inmate, also was found guilty of two rule violations, yet his classification was reduced only to Class II.

Mr. James's disciplinary conviction was upheld by Defendants Kay Howell, James Gibson, and Larry Norris.  He claims that he was discriminated against, in violation of his

fourteenth amendment rights, as well as the Arkansas Civil Rights Act; that he was denied due process of law; and that he was subjected to intentional infliction of emotional distress.

The Court previously determined that Mr. James had stated a race-discrimination claim and an Arkansas Civil Rights Act claim against Defendants Howell, Minor, Gibson, and Norris.  In addition, after reviewing Mr. James's amended complaint, the Court determined that he had stated a retaliation claim against Defendant Brenda Dicus.  Mr. James's remaining claims, however, were dismissed.  (#11, #15, #22, #25)

Defendants have now filed a motion for summary judgment arguing that Mr. James failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act and that he cannot seek reversal of his disciplinary conviction in an action brought under 42 U.S.C. § 1983.  (#41)

Mr. James has responded to the motion, arguing that he did fully exhaust his administrative remedies.  Based on the undisputed evidence presented, the Court recommends that the Defendants' motion for summary judgment (#41) be GRANTED.

**III.   Discussion:**

A.   Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986);

3

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving

party bears the initial responsibility of demonstrating the absence of a genuine dispute of

material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

If the moving party meets this burden, the nonmoving party must respond by coming

forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of

Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When a plaintiff cannot come

forward with enough evidence to establish a necessary element of her claim, the moving

party is entitled to judgment as a matter of law on that claim. *Celotex Corp.*, 447 U.S. at

322-23, 106 S.Ct. at 2552.

B.      Exhaustion

Before prisoners can file a lawsuit under 42 U.S.C. § 1983, they must first exhaust

all "available" remedies. 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 738,

121 S.Ct. 1819 (2001) (holding that available remedies "must be exhausted before a

complaint under § 1983 may be entertained"). For purposes of § 1983, an "available

remedy" is one that is "capable of use for the accomplishment of a purpose; immediately

utilizable [and] accessible." *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001).

Whether proper exhaustion has been achieved turns on the specifics of the prison

policy. *Jones v. Bock*, 549 U.S. 199, 923 (2007). Prisoners can be excused from

exhausting administrative remedies, but only when correction officials have prevented

them from using grievance procedures or when the officials themselves have not

4

complied with the administrative procedures. *Miller v. Norris*, *supra* at 740; *Foulk v. Charrier*, 262 F.3d 687, 697–98 (8th Cir. 2001). An inmate's subjective belief that the procedures were not available "does not matter" and is not determinative. *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005)(quoting *Lyon v. Vande Krol*, 305 F.3d 806, 809 (8th Cir. 2002).

Here, Defendants contend that Mr. James failed to exhaust his administrative remedies. Barbara M. Williams, the ADC Inmate Grievance Supervisor, testified that Mr. Nelson had only fully exhausted one grievance regarding the incident giving rise to this lawsuit, grievance WR-09-0251, at the time he filed this lawsuit. (#43-1 at p.3) In grievance WR-09-0251, Mr. James complained that Defendant Dicus lied during the investigation that led to his disciplinary conviction. (#43-4 at p.3) Importantly, he did not claim that Defendant Dicus had retaliated against him in that grievance; nor did Mr. James mention any of the other named Defendants.

In addition, in his deposition, Mr. James admitted that he had not filed a grievance against Defendant Dicus for her alleged retaliatory conduct; nor had he filed any grievances against Defendants Norris, Gibson, Howell, or Minor for allegedly discriminating against him. (#43-6 at pp. 23, 31-32)

In his response to the summary judgment motion, Mr. James argues that because he fully appealed the disciplinary conviction, and because ADC procedure precludes an inmate from grieving a disciplinary conviction through the grievance process, he has fully

exhausted his administrative grievances.  This argument, however, does not save Mr. James's claims.

Although Mr. James completed the appeal process with regard to his disciplinary conviction, he did not claim that he was unfairly disciplined based on his race.  In his appeal, he stated that he believed that the disciplinary hearing officer (Defendant Minor) was "bias[ed]."  (#2 at p.20)  He complained that he was more harshly disciplined than inmate Spears, the other individual who was charged in the underlying incident, but he did not mention race as a reason for the disparity in his disciplinary appeal.  Further, in his disciplinary appeal, Mr. James did not claim that Defendant Dicus, the charging officer, initially issued the disciplinary in retaliation for his use of the grievance procedure.

While Mr. James is correct that ADC procedure precludes an inmate from grieving a disciplinary, the ADC procedure specifically allows an inmate to bring a retaliation claim, even if it is related to a disciplinary.  (#43-2 at p.3)  Moreover, ADC procedure did not prohibit Mr. James from pursuing a discrimination claim against the named Defendants.  Mr. James could not have sought reversal of his disciplinary through the grievance process, but he could have raised his constitutional claim.  He has not offered any evidence that ADC officials denied or prohibited from filing any such grievance.

Mr. James has not come forward with any evidence to rebut the Defendants' evidence showing that he did not exhaust his claims; and he has not provided evidence

that he was prohibited from pursuing administrative remedies.  Because the undisputed evidence shows that Mr. James did not fully exhaust a grievance against any of the named Defendants, his claims must be dismissed, without prejudice.

**IV.    Conclusion:**

The Court recommends that the Defendants' motion for summary judgment (#41) be GRANTED, and that Mr. James's discrimination and retaliation claims be DISMISSED, without prejudice.  It is further recommended that Judge Miller decline to exercise jurisdiction over Mr. James's state-law claim under the Arkansas Civil Rights Act.  That claim should also be DISMISSED, without prejudice.

DATED this 5th day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE